## WARREN W. WARD *vs.* JOHN E. EDMUNDS.

The First District Court of Southern Worcester has authority, under the St. of 1871, *c.* 391, to empanel a jury of twelve to try the issues on a petition, under the Gen. Sts. *c.* 150, to enforce a mechanic's lien.

A petition to enforce a mechanic's lien on the respondent's house alleged that the respondent contracted with A. to work on the house; that A., with the consent of the respondent, agreed to employ the petitioner to work on the house for a certain number of days at so much a day; and that the petitioner did work accordingly. The answer denied the petitioner's right to maintain the petition. At the trial, it appeared that the respondent contracted with A. to do the work, A. to be paid what he had to pay his men, and ten per cent. additional: and that A. in good faith made with the petitioner the agreement alleged. The judge submitted to the jury the question whether the petitioner had claimed more than his due, but refused to submit to them what was the value of his labor, and, on the jury returning a verdict for the petitioner, ruled that he was entitled to the contract price. *Held*, that the respondent had no ground for exceptions.

PETITION to the First District Court of Southern Worcester, setting forth that George Whitford made an oral contract with the respondent to work upon a house on the latter's land in Dudley; that to carry out this contract, Whitford, with the consent of the respondent, employed the petitioner to work on the house by the day, for 27 days at $3.50 a day, and for 12 days at $3.75 a day, making the whole amount $139.50; that the petitioner did work accordingly; that Whitford paid the petitioner $39.50; that $100 remained due to the petitioner; and that he ceased to work on April 27, 1872, and within thirty days thereafter filed the certificates required by law; and praying that his lien on the house might be enforced.

Order of notice was issued, and on the return day the respondent appeared, and both parties filed a demand for trial by jury, and a day was fixed for trial. On that day the respondent filed

a waiver of his demand for trial by jury, but the judge disallowed the same, and proceeded to empanel a jury under the Gen. Sts. *c.* 132, and the St. of 1871, *c.* 391. The respondent then filed a motion to dismiss, and an answer in abatement to the jurisdiction, on the ground that the court had no authority to try the case with a jury thus empanelled, but the judge overruled the motion and the answer in abatement. The defendant then filed an answer in which he denied " that the petitioner has any right to maintain his petition."

The petitioner introduced evidence that the respondent owned the house and land in question ; that the respondent made a contract with Whitford " to work upon the house by the day, and agreed to pay him such prices as he had to pay his help, and ten per cent. additional for hiring it, the respondent furnishing materials ; " that, in pursuance of this contract, Whitford employed the petitioner at $3.50 a day for 27 days, and at $3.75 a day for 12 days, amounting in all to $139.50 ; that these prices were agreed upon between them ; that Whitford paid the petitioner $39.50, and there were no other credits to be deducted ; that the prices charged by the petitioner were reasonable ; that the respondent said he was satisfied with the petitioner's work ; and that the petitioner ceased to work on April 27, 1872. The respondent objected to the admission of evidence as to the agreement between the petitioner and Whitford concerning the price to be paid to the petitioner for his work, but the judge admitted it. The petitioner also offered in evidence the certificates of his account filed by him in the office of the town clerk of Dudley on the 23d and 27th of May, 1872. The respondent objected that they were insufficient, and not filed in due time, but the judge admitted them. The respondent offered no evidence, but contended, upon the evidence in the case, that the petitioner's laboi was of less value than the contract price, and that the petitioner had wilfully and knowingly claimed more than was his due.

The respondent requested the judge to rule that the jury should find what, if anything, was justly due the petitioner, and that in making up the amount they should consider the reasonable value of his services, and not be bound by the agreed price

to be paid by Whitford; but the judge refused so to rule, and ruled that upon the facts disclosed the contract price would control if made in good faith, and that there appeared to be no evidence of any want of good faith.

The respondent requested the judge to submit two questions to the jury : first, whether the petitioner had knowingly and wilfully claimed more than was his due ; and, second, what, if anything, was the value of his labor. The judge submitted the first question to the jury, but refused to submit the second, reserving to himself the determination of the amount due, if anything, after the verdict of the jury upon the first question. The jury returned a verdict for the petitioner, without assessing any damages or determining the amount due him.

The respondent then moved that no judgment be entered upon the verdict; but the judge overruled the motion, and entered judgment for the petitioner for $100 and costs. The respondent alleged exceptions.

*J. H. Stockwell,* for the respondent.

*A. J. Bartholomew,* for the petitioner.

MORTON, J. This is a petition to the First District Court of Southern Worcester to enforce a mechanic's lien. On the return day, both parties demanded in writing a trial by jury, and the justice empanelled a jury in accordance with the provisions of the St. of 1871, *c.* 391, and the Gen. Sts. *c.* 132. The respondent objected that the District Court had no power thus to empanel a jury, and contends that a jury trial in a case of this character can be had only in the mode provided by the Gen. Sts. *c.* 120, §§ 17-19. This presents the principal question in the case. Upon collating the various provisions of the statutes which bear upon this question, we are of opinion that the ruling of the District Court was correct. The act establishing this court provides, in the first section, that " said court shall, except as is hereinafter provided, have the same jurisdiction, power and authority, shall perform the same duties and be subject to the same regulations as are provided in respect to existing police courts, except the Municipal Courts of Boston and Worcester, by chapter one hundred and sixteen of the General Statutes, and by all general laws passed

in amendment thereof, applicable to the several police courts of the Commonwealth ; and all provisions of law relating to criminal and civil proceedings," " applicable to the several police courts of the Commonwealth, except those before mentioned, shall apply " to said court. The sixth section provides that " said court shall also have original concurrent jurisdiction with the Superior Court in the county of Worcester, in all personal actions, in which the debt or damages demanded, or property replevied, does not exceed in amount or value three hundred dollars ; " and further provides for a trial by jury in such action, in the mode adopted by the court in this case. St. of 1871, *c.* 391.

The respondent argues that, as this proceeding does not fall within either of the three divisions of " personal actions " defined by the Gen. Sts. *c.* 129, § 1, the provisions of the sixth section do not apply to it. This argument would be of force if the power of the District Court depended altogether upon this section. But the mode of enforcing liens upon lands and buildings is provided in the Gen. Sts. *c.* 150. This chapter gives jurisdiction to justices of the peace and police courts, when the amount of the claim does not exceed one hundred dollars ; and provides that " a jury shall be had before a justice of the peace or police court only as in other civil cases." Gen. Sts. *c.* 150, §§ 9, 18. The clear intent of this provision is, that in proceedings for the enforcement of liens the same provisions as to trial by jury before police courts shall govern as in other civil cases. At the time the General Statutes were enacted, the only mode of trial by jury before a justice of the peace or police court was by a jury of six, under the Gen. Sts. *c.* 120. But if the Legislature saw fit afterwards to change this mode of trial in civil cases, the effect, by necessary implication, would be to make the same change in the mode of trial in proceedings to enforce liens. After such change, a jury is to be had " as in other civil cases." By the act establishing the First District Court of Southern Worcester, a trial by jury is to be had in other civil cases in the mode provided in the Gen. Sts. *c.* 132. We think that, by a fair construction of the two statutes, the intention of the Legislature is manifest, that in proceedings like those at bar a trial by jury should be conducted in

the same manner. This is the only construction which will carry out the plain purpose of the whole statutes to put these proceedings, so far as a trial by jury is concerned, upon the same grounds as other civil cases. The ruling and proceedings of the District Court in this respect therefore were correct.

The respondent also excepted to a ruling of the justice refusing to submit to the jury the question of the value of the petitioner's labor. We are of opinion that this exception cannot be sustained. The pleadings did not raise this issue. The answer was merely a denial of the petitioner's right to maintain the petition. It did not put in issue the amount of his bill for labor performed.

It appeared from the undisputed evidence in the case, that the respondent made a contract with one Whitford to do certain work upon the house described in the petition, by which he was to pay Whitford such prices as Whitford had to pay his help, and ten per cent. additional, the respondent furnishing materials; and that, in pursuance of this arrangement, Whitford, in good faith, employed the petitioner to work at an agreed price per day. The justice correctly ruled that the petitioner could maintain his lien, if at all, for the contract price for his labor. This was the debt due him for labor performed by consent of the respondent on his house, and for this debt the statute gives him a lien. Gen. Sts. *c.* 150, § 1. In the absence of fraud, the respondent was liable for the contract price. In proceedings to enforce liens, the whole case is not to be submitted to the jury as in ordinary civil actions; but only such material questions of fact as arise in the case are to be submitted, upon a question stated or an issue framed, or otherwise, as the court may order. Gen. Sts. *c.* 150, § 18.

In this case there was no disputed question of fact as to the amount due the petitioner. He was entitled to the contract price, about which there was no dispute. The court properly declined to submit the question of the amount due, to the jury, and rightly ruled, after the verdict, that the petitioner was entitled to judgment for the amount of his debt and costs.

The respondent objected at the trial that the certificates filed by the petitioner in the town clerk's office were insufficient, and not filed in due time. He did not argue this point, and we can see no reason to sustain the objection.

*Exceptions overruled.*